IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

In re: JEFFERY W. POTTER,

        Debtor,

LOS ALAMOS NATIONAL BANK,

        Plaintiff/Appellee,

v.                                                      No. CIV 07-414 BB/LAM
                                                             BK No. 05-14071-m7
                                                              Adv. No. 05-1149 M

MARTIN S. FRIEDLANDER,

        Defendant/Appellant.


MEMORANDUM OPINION
AFFIRMING BANKRUPTCY COURT


        THIS MATTER is before the Court on Appellant's notice of appeal from the United States Bankruptcy Court [Docs. 1, 8, 9]. In hopes of resolving, or at least narrowing, some of the issues, this Court referred the matter to Magistrate Judge Lourdes Martinez for a review and recommendations. (*See* Doc. 37). Rather than limit the issues, however, the referral only provided Appellant a new platform to challenge the recommendation of Judge Martinez. As this case involves a bankruptcy appeal, this Court will merely review the record *de novo* rather than add additional analysis by considering the Magistrate Judge's recommendations.

## *Procedural Background*

**Appellant, Mr. Friedlander, is an attorney who is proceeding** *pro se*.[1]  **Apparently Appellant represented Debtor and the Trust prior to the filing of the bankruptcy case. [Br. Doc. 70, Ex. 7, p. 2, ¶ B1]. Appellant filed a proof of claim in the bankruptcy case in which he asserted a secured claim for unpaid legal fees. [Br. Doc. claim 15]. Los Alamos National Bank ("LANB") is also a secured creditor in the bankruptcy case, and filed the Adversary proceeding objecting to Appellant's secured claim and asserting the priority of its lien to the Funds. [Br. Docs. 1, 70]. Appellant challenges the Bankruptcy Court's opinion on numerous grounds. He has challenged my referral to Magistrate Judge Martinez's recommendation on numerous additional grounds. While many of these challenges are patently frivolous,[2] it will be unnecessary to resolve them as this Court will merely address Appellant's challenge to the decision of the Bankruptcy Court** *de novo*.[3]  **This Court will grant Appellant's request to take "judicial notice" of the bankruptcy filings as they are a part of this Court's docket. [Doc. 4]. It would, however, be inappropriate to take judicial notice of the other matters** *de hors* **the**

---

[1] While *pro se* pleadings are often construed liberally, this presumption does not apply to *pro se* parties who are actually attorneys. *See Committee on the Conduct of Attorneys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007).

[2] For example, Appellant challenges this Court's ability to refer this case to a Magistrate for a review and recommendation. He supports this with vague and general references to 28 U.S.C. § 326. It is, however, clear such a referral is appropriate as long as this Court reserves the final decision to itself. *Hall v. Vance*, 887 F.2d 1041, 1046 (10th Cir. 1989). Appellant also argues the failure by Judge Martinez to extend his brief limit of 25 pages violated due process. In the bankruptcy appeal context, this argument borders on frivolous. *See Watts v. Thompson*, 116 F.3d 220, 224 (7th Cir. 1997); *In re MacIntyre*, 181 B.R. 420 ( 9th Cir. BAP 1995), *aff'd*, 77 F.3d 489 (9th Cir. 1996) (monetary fine for exceeding page limit affirmed; due process claim rejected).

[3] The Court will therefore ignore Appellant's challenges to the Magistrate's recommendations except as they reiterate the Bankruptcy Court's findings.

**bankruptcy record as requested by Appellant.** *See In re Applied Paging Technologies, Inc.*, 250 B.R. 496, 499 (D.N.J. 2000).

**While Appellant's law school and career record appear substantial [Op. Br. at 4, 13, 23], his brief reads like a novel and provides relevant legal authority on only basic procedural principles, not the merits of his claims.** *See* **Op. Br. at 19-20. (Appellant failed to number the pages in his Opening Brief so page designations are based on the Court's calculations). An appellate court need not consider argument not supported by legal authority.** *Homestead Golf Club, Inc. v. Pride Stables*, **224 F.3d 1195, 1202 (10th Cir. 2000). The Court will nonetheless attempt to respond to it's perception of those issues it can discern. However, to the extent that Appellant did not identify or present an issue in his Opening Brief, it is deemed waived.** *Walck v. Edmondson*, **472 F.3d 1227, 1229 n. 7 (10th Cir. 2007).**

**I.**     *The Bankruptcy Judge Properly Failed to Recuse*

**Appellant alleges Bankruptcy Judge McFeeley should have recused because a former law clerk of his was allegedly an officer in a corporation[4] that was allegedly "the principle adversary in the bankruptcy proceeding ..." Op. Br. at 2. There are two categories of disqualifying circumstances which support recusal in bankruptcy proceedings: (1) matters specifically enumerated in 28 U.S.C. § 455(b), or (2) any**

---

[4] While this Court can, and has, taken notice of the Bankruptcy Court file, it cannot "take judicial notice of the records of the Corporation Department of New Mexico." (Op. Br. at 2); *see In re Applied Paging, supra*; *In re Chandler's Cove Inn, Ltd.*, 74 B.R. 772 (Br. E.D.N.Y. 1987).

3

**proceeding in which a judge's impartiality could be reasonably questioned. Since Appellant's allegations are not covered by 28 U.S.C. § 455(b), the Court need only consider whether Judge McFeeley's impartiality could "reasonably" be questioned. Since Appellant has produced no documents showing the connection between Katherine Cook Fishman and El Llano Corporation, or indeed that El Llano was a "principle adversary" in this bankruptcy proceeding, this Court therefore cannot act on Appellant's totally unsupported allegations.[5]**

> A.  *The Bankruptcy Court Properly Denied Appellant's Motion to Dismiss and/or to Transfer Venue*

**The Bankruptcy Court had personal jurisdiction. Appellant challenges the personal jurisdiction of the New Mexico Bankruptcy Court claiming it lacked personal jurisdiction over him as a California resident. (*See* Op. Br. at 17, 27). The Adversary proceeding did not seek to invoke jurisdiction over Appellant based on diversity of citizenship. Instead, federal question jurisdiction was invoked under Title 11 and 28 U.S.C. §§ 157(b)(2) and 1334(a). [Doc. 2, Br. Doc. 1, ¶ 10] Accordingly, the Bankruptcy Court properly applied the federal, not state, minimum contacts test to determine personal jurisdiction. *In re Enron Corp.*, 316 B.R. 434, 444 (Br. S.D.N.Y. 2004); *Cytomedix v. Little Rock Foot*, 287 B.R. 901, 903 (N.D. Ill. 2002); *cf In re Enron Corp.***

---

[5]  Even if Appellant could support his contention that a person who clerked for Judge McFeeley a decade before these proceedings was a corporate officer of a party, however, it is highly questionable Appellant could sustain any reasonable doubt of Judge McFeeley's impartiality on this basis. *See Jorgensen v. Cassiday*, 320 F.3d 906 (9th Cir. 2003); *United States v. Martinez*, 385 F. Supp. 2d 779 (N.D. Iowa 2005), *aff'd*, 446 F.3d 883 (8th Cir. 2006).

4

*Securities, Derivatives & 'ERISA" Litig.*, 511 F. Supp. 2d 742, 790 (S.D. Tex. 2005) (Minimum contacts standard for personal jurisdiction, as laid out in *International Shoe*, does not apply in the bankruptcy context. ... Bankruptcy court had personal jurisdiction over defendants ... as defendants were United States residents).

Appellant also appears to argue that due to Debtor's dismissal of the fraudulent transfer adversary proceeding, the Bankruptcy Court lost jurisdiction to adjudicate the remaining dispute over the Funds. However, in December 2003, by agreement of the parties, including the Trust, the Funds were placed into escrow for Debtor, not the Trust. *See* Br. Doc. 70, Ex. 7, p. 2, ¶ A7. Therefore, regardless of whether Debtor pursued recovery of assets fraudulently transferred to the Trust, or prevailed in such a proceeding, the Funds were property of Debtor over which the Bankruptcy Court had jurisdiction.

      B.    *Motion to Dismiss for Improper Venue*

It is not entirely clear but it appears Appellant still contends the Adversary proceeding should have been transferred to California "in the interest of justice or for the convenience of the parties," pursuant to 28 U.S.C. § 1412. (Op. Br. at 17). As the party moving for transfer, however, Appellant had the burden of proving by a preponderance of the evidence that a transfer would be in the interest of justice or for the convenience of the parties. *In re Hechinger Inv. Co. of Del., Inc.*, 288 B.R. 398 (Br. Del. 2003); *In re Wheeler*, 69 B.R. 29, 31 (Br. N.M. 1986).

**Debtor was domiciled, resided, and had his principal place of business and principal assets in New Mexico during the 180 days immediately preceding the filing of the petition. [Doc. 2, Br. Doc. 1] Accordingly, the bankruptcy case was properly commenced in the District of New Mexico.  *See* 28 U.S.C. § 1408(1); *see also In re Handel*, 253 B.R. 308, 310 (1st Cir. BAP 2000).**

**The Bankruptcy Court considered the required factors in deciding whether to transfer and found the majority of witnesses were from New Mexico.  LANB could not compel the attendance of Debtor or the representative of Rio Grande Title at a trial in California, the Funds were located in New Mexico so there was no question whether the Bankruptcy Court's judgment could be enforced here and that court was competent to apply whichever state law applied to the dispute.  Br. Doc. 22 at 5-6.  The Bankruptcy Court, then, properly held while attending trial in New Mexico might be burdensome on Appellant it would be counterbalanced by the burden on LANB if the Adversary proceeding were transferred to California.  *Id.*, at 6-7.  *See Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) (Merely shifting the inconvenience from one side to the other ... is not a permissible justification for a change of venue.).  Because Appellant did not show by a preponderance of the evidence that the Adversary proceeding should have been transferred to California, this Court must affirm the Bankruptcy Court's denial of Appellant's request to transfer venue.**

**Finally, New Mexico was the proper venue for the Adversary proceeding pursuant to 28 U.S.C. § 1409(a), which provides in relevant part: "... a proceeding arising under title 11, or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."** *See In re Grogg*, **295 B.R. 297, 306 (Br. C.D. Ill. 2003) (Proper venue for bankruptcy related proceedings generally is in the district in which the bankruptcy case is pending.)**

**II.**     *Appellant's Rambling Allegations of Fraud and Unscrupulous Conduct are Unsupported by Cited Fact or Law*

**Appellant presents his claims in a narrative stream of consciousness fashion that makes it impossible to analyze or address. The following narrative is typical:**

> **On 6/17/06 Pierce, on behalf of Potter, knowingly files false Schedules and Statements, having personal knowledge that all of Potter's assets had been transferred to the California Trust in August of 2003, almost 2 years before the bankruptcy was filed. (Doc. 18) Those "false" schedules and statement of affairs are the subject of two complaints objecting to Potter's discharge. (Docs. 405 and 406). Potter is now being short changed due to the false filings by Pierce. Pierce then files a "false" objection to LANB's motion, since Pierce knows that the proceeds from Galileo are Trust assets, but he has to file this false objection in order to "cover his ass" from this fraudulent filing. (Doc. 22). On 6/28/07, the Court signs the order appointing Pierce, Potter's attorney, who has already "sold him down the river" (Doc 23). On 7/05/05, LANB files its adversary proceeding v. appellant and others, which ultimately resulted in a judgement in LANB's favor. (No Doc number on docket) This adversary contradicts the position taken by LANB in its motion to lift the stay because the Galisteo property is Tryst assets, not Potter. A few days later on 7/11/05 Pierce on behalf of Potter files a "spurious" Complaint to set aside the transfers to the California Trust, knowing, in his heart of hearts, that unless he filed this action, there would be no bankruptcy estate. (No Doc number on docket). Then on 7/13/05 Pierce, on behalf of Potter, files an application to employ Bregman, who steered him to Pierce**

7

**to file bankruptcy for Potter to cover up his malpractice in the state court action.**

**(Op. Br. at 5-6).**

**A court is not required to guess what issues the appellant is attempting to raise and assign facts to support the claim.** *See In re Trans World Airlines, Inc.*, **145 F.3d 124 (3d Cir. 1998) (Bankruptcy rule requiring appellants to state their issues is not merely technical but has the function of informing the court which specific "flaws" motivated the appeal.). Appellant merely asks this Court to believe him and not the other parties. This is not an appropriate basis for an appeal.** *Matter of Generes*, **69 F.3d 821, 825 (7th Cir. 1995). Appellant's brief reads like a novel in which he injects scandalous and scurrilous attacks on virtually all who have participated.** *See,, e.g., In re Baker*, **38 B.R. 705, 709 (D. Md. 1983) (mere allegations that trustee had a deal with the bankruptcy judge insufficient). Appellant has therefore been sanctioned by both the Bankruptcy and Magistrate courts. These sanctions are justified.** *See Matter of Generes*, **69 F.3d at 827-28.**

## CONCLUSION

**For the above stated reasons, the appeal from the Bankruptcy Court's denial of Appellant Friedlander's Motion to Reconsider will be DENIED.**

*[signature]*

**BRUCE D. BLACK**
**United States District Judge**